UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

EDDIE SCOTT,

    Plaintiff,

v.

CREDIT ONE FINANCIAL
d/b/a Credit One Bank,

    Defendant.
_____/

CASE NO.

8:16-CV-3115-T-23AAS

## PLAINTIFF'S COMPLAINT

COMES NOW Plaintiff, EDDIE SCOTT ("Plaintiff"), by and through his attorneys, and for his Complaint against Defendant, CREDIT ONE FINANCIAL d/b/a Credit One Bank ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, and 47 U.S.C. § 227.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the acts giving rise to Plaintiff's cause of action occurred in this district as Plaintiff resides in this district and as Defendant transacts business in this district.

## PARTIES

4. Plaintiff is a natural person who at times relevant resided in St. Petersburg, Florida.

5. Plaintiff is a consumer as that term is defined by Fla. Stat. § 559.55(2) and owed a debt as that term is defined by Fla. Stat. § 559.55(1).

6. Defendant is a business entity with an office located at 585 Pilot Road, Las Vegas, Nevada 89119 and a registered agent located at 155 Office Plaza Drive, 1st Floor, Tallahassee, Florida 32301.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

8. Defendant placed calls to telephone number [redacted], Plaintiff's cellular telephone.

9. Upon information and good faith belief, and in light of the frequency, number, nature, and character of these calls, Defendant placed them by using an automatic telephone dialing system.

10. These calls were to collect payment on an alleged debt.

11. The alleged debt arises from transactions that were primarily for personal, family, or household purposes.

12. These calls were not for emergency purposes.

13. On or about September 23, 2016, Plaintiff instructed Defendant to stop calling his cell phone.

14. Further, Plaintiff instructed Defendant to communicate with him in writing only.

15. Defendant ignored Plaintiff's instructions and attempted to pressure Plaintiff into making a payment at that moment.

16. Defendant continued to use an automatic telephone dialing system to call Plaintiff's cell phone after September 23, 2016.

17. Since September 23, 2016, Defendant called Plaintiff's cell phone at eighty-eight (88) times from September 25 through October 19, 2016.

18. During this time period Defendant called Plaintiff's cell phone as many as five (5) times in a single day.

19. Plaintiff is annoyed and feels harassed by Defendant's calls.

20. Defendant placed these calls voluntarily.

21. Defendant placed these calls under its own free will.

22. Defendant had knowledge that it was using an automatic telephone dialing system to place these calls.

23. Defendant intended to use an automatic telephone dialing system to place these calls.

24. Defendant did not have Plaintiff's prior express consent to use an automatic telephone dialing system to call her cell phone.

25. By continuously placing these calls after Plaintiff asked for them to stop, Defendant intended to harass Plaintiff into making payment.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT

26. Defendant's actions alleged supra constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

27.     Defendant's actions alleged supra constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for the following:

28.     Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

29.     Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

30.     All court costs, witness fees and other fees incurred; and

31.     Any other relief that this Honorable Court deems appropriate.

## COUNT II
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

32.     Plaintiff re-alleges and incorporates the foregoing paragraphs herein.

33.     Defendant violated the FCCPA based on the following:

   a)   Defendant violated § 559.72(7) of the FCCPA by engaging in conduct which can reasonably be expected to abuse or harass Plaintiff.

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for the following:

34.     Statutory damages pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2),

35.     Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2),

36. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: /s/Stephen R Caplan
Stephen R. Caplan
FBN: 835153
Caplan & Associates, P.A.
31 N. Hyer Ave.
Orlando, FL 32801
407-872-6249 (phone)
407-425-1501 (fax)
SCaplan@caplan-associatespa.com
*Attorney for Plaintiff*